UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMAR HAMPARSOMIAN,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>EVERETT FINANCIAL, INC.,<br><br>　　　　　Defendant. | Case No. 24-cv-04079-DMR<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

　　　　Plaintiff Tamar Hamparsomian brings this case against Defendant Everett Financial, Inc. alleging breach of contract and negligence. [Docket No. 1-3 (Compl.).] Defendant now moves pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e) to dismiss the complaint and/or for a more definite statement. [Docket No. 12 (Mot.).] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

**I.　　BACKGROUND**

　　　　Plaintiff makes the following allegations in the complaint, all of which are taken as true for purposes of this motion.[1] Plaintiff alleges that she entered into an employment agreement with Defendant on October 16, 2023. Compl. 3, Ex. A (Em. Agrmt.). According to this agreement, Defendant did business under the name Supreme Lending and engaged in the residential mortgage loan business, including the origination, underwriting, closing and funding of such loans. *Id.* Plaintiff was hired as a loan officer in a branch located in California. *Id.* She was eligible to receive compensation consisting of hourly wages, commissions, and an initial minimum floor. *Id.* Plaintiff alleges that she performed all obligations to Defendant except those obligations she was

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

1  prevented or excused from performing, but she was not adequately compensated according to the
2  agreement.  Compl. 3.  She also alleges that, due to Defendant's "negligence regarding
3  compensation and work structure," she lost out on further compensation.  *Id.*  She alleges that
4  Defendant was negligent in operating the Supreme Lending branch and negligent in "letting
5  Plaintiff know about her abilities to do loans for the company." *Id.* at 4.  Defendant's negligence
6  allegedly harmed Plaintiff on January 12, 2024 at 48 Gold Street, Suite 103, San Francisco, CA
7  94133.  *Id.*

## II.      LEGAL STANDARDS

### A.      Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94, and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief," *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

### B.      Rule 12(e)

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response."  Motions for a more definite statement are "viewed with disfavor" and rarely granted*. Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999).  However, courts may require a more definite statement "when the pleading is so vague or

ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Id.* (quotation and citation omitted). "A motion for a more definite statement attacks intelligibility, not simply lack of detail. For this reason, the motion fails where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Gregory Village Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 896 (N.D. Cal. 2011).

### III. DISCUSSION

Plaintiff's complaint is sparse on details. She attaches the employment agreement that was allegedly breached, but she makes only conclusory statements that Defendant breached the agreement because her compensation was inadequate. She does not explain how her compensation was inadequate. Plaintiff also refers vaguely to "negligence regarding compensation and work structure," negligence in operating the Supreme Lending branch, and negligence in "letting Plaintiff know about her abilities to do loans for the company." Compl. 3-4. The court cannot understand what this means. Plaintiff has failed to plead sufficient factual content that allows the court to draw the reasonable inference that Defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678.

Plaintiff's opposition offers no help. She merely argues that she used a form complaint authorized by the California Judicial Council and that she pleaded all the essential elements of breach of contract and negligence. [Docket No. 15 (Opp'n).] But "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Plaintiff must not only plead the elements of her claims, but also support her allegations with facts that allow the court to draw a plausible and reasonable inference of liability. She has failed to do so here.

//
//
//
//
//
//

## IV. CONCLUSION

Defendant's 12(b)(6) motion to dismiss is granted with leave to amend. The 12(e) motion for a more definite statement is denied as moot. Plaintiff is granted leave to file an amended complaint by **October 2, 2024**.

**IT IS SO ORDERED.**

Dated: September 11, 2024

_____
Donna M. Ryu
Chief Magistrate Judge